IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRADY A. ROGERS                                                                    PETITIONER

v.                                    Case No. 5:07V00027 JLH-JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, Brady A. Rogers, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his state conviction. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

On or about September 3, 2003, Petitioner entered a negotiated plea of guilty to two counts of sexual assault in the first degree in Marion County, Arkansas, Circuit Court. On March 3, 2004, he was sentenced to a total of 120 months' imprisonment in the Arkansas Department of Correction. The judgment and commitment order was filed on March 23, 2004. Because Petitioner entered an unconditional plea of guilty, he could not file a direct appeal from his convictions or sentences. Ark. R. App. P.--Crim. 1(a). Petitioner did not

seek post-conviction relief in state court.

On January 24, 2007, Petitioner filed his habeas corpus petition in this Court.[1]  He contends that his plea was coerced and involuntary because of the denial of effective assistance of counsel.  The Respondent has filed a motion to dismiss Petitioner's habeas corpus petition (docket entry # 7) on the basis that the petition is barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1).  The Respondent also contends that Petitioner's claim is procedurally barred.

The AEDPA provides in pertinent part that a person in custody pursuant to a judgment of a state court must file a petition for habeas corpus relief within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where a defendant enters an unconditional plea of guilty, the judgment becomes final on the date that the judgment and commitment order is filed. *Thompson v. Norris*, No. 4:03CV00804 GH-JFF, recommended disposition at 4 (E.D. Ark. Oct. 15,  2004), adopted by order of district court (November 5, 2004); *Martin v. Jackson*, 152 F. Supp. 2d 1114, 1118 (N.D. Ind. 2001), *aff'd*, 298 F.3d 669 (7th Cir. 2002).

The judgment and commitment order on Petitioner's unconditional plea of guilty was filed on March 23, 2004.  Accordingly, the AEDPA's one-year statute of limitations began running on March 23, 2004.  Petitioner's habeas corpus petition had to be filed in this Court

---

[1] A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).  Petitioner placed his petition in the prison mailing system on January 24, 2007.

by March 23, 2005,[2] unless the statute of limitations was tolled.

The AEDPA contains a tolling provision which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).  Petitioner did not file a post-conviction petition in state court.  Accordingly, no time is excludable under 28 U.S.C. § 2244(d)(2).

Equitable tolling may provide an individual relief from the AEDPA's statute of limitations. "However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "'Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005). The Eighth Circuit has held that equitable tolling is appropriate only when "extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time," *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), "the State prevents the prisoner from taking more timely action," *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), or the Respondent has lulled the Petitioner into inaction, *Kruetzer*, 231 F.3d at 463.  A petitioner's failure to recognize the importance of the AEDPA's one-year statute

---

[2] The filing deadline falls on the anniversary date of the triggering event. *Wright v. Norris*, 299 F.3d 926, 927 n. 2 (8th Cir. 2002).

of limitations is not an extraordinary circumstance warranting equitable tolling. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003). A petitioner's actual innocence does not toll the AEDPA's statute of limitations absent "some action or inaction on the part of the respondent that prevented him [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).

Petitioner has not alleged any facts showing that extraordinary circumstances beyond his control made it impossible for him to file his federal habeas petition on time, that the State prevented him from taking more timely action, or that the Respondent lulled him into inaction. While Petitioner alleges that he is actually innocent, he has not alleged facts showing that some action or inaction on the part of the Respondent prevented him from discovering the relevant facts in a timely fashion or that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations. Equitable tolling is not appropriate in this case.

In conclusion, the Magistrate Judge finds that the AEDPA's one-year statute of limitations expired on March 23, 2005.  Petitioner did not file his habeas petition in this Court until January 24, 2007.  Accordingly, his petition is time-barred.[3]

THEREFORE, the Magistrate Judge recommends that Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus be dismissed

---

[3] Because Petitioner's habeas petition is barred by the AEDPA's one-year statute of limitations, it is not necessary to address the Respondent's contention that Petitioner's claim is procedurally barred.

with prejudice.

      Dated this 3d day of May, 2007.

                                                                         /s/ John F. Forster, Jr.
                                                        UNITED STATES MAGISTRATE JUDGE